# Exhibit 14

73135

CAUSE NO. 8701

| THE STATE OF TEXAS | X | IN THE DISTRICT COURT OF |
| | X | |
| VS. | X | BASTROP COUNTY, TEXAS |
| | X | |
| RODNEY REED | X | 21ST JUDICIAL DISTRICT |

REPORTER'S RECORD
JURY TRIAL
GUILT/INNOCENCE

MAY 12, 1998

MORNING & AFTERNOON SESSIONS

VOLUME 52 OF 69

FILED IN
COURT OF CRIMINAL APPEALS
SEP 9 1998
Troy C. Bennett, Jr., Clerk

ORIGINAL

1   On the 12th day of May, 1998, the
2   above entitled and numbered cause came on for
3   hearing before said Honorable Court, Harold R.
4   Towslee, Judge Presiding, and the following
5   proceedings were had:

                 Volume 52 of 69

            GUILT/INNOCENCE PHASE

            (PAGES 1 THROUGH 162)

1  APPEARANCES:

2              For the State

3  Mr. Charles Penick
   District Attorney, Bastrop County
4  804 Pecan Street
   Bastrop, Texas   78602
5  SBOT #015748500
   (512) 321-2244

6

7  Mr. Forrest Sanderson
   Assistant District Attorney
8  804 Pecan Street
   Bastrop, Texas   78602
9  SBOT #17610700
   (512) 321-2244

10

11 Ms. Lisa Tanner
   Assistant Attorney General
12 P. O. Box 12548
   Austin, Texas   78711-2548
13 SBOT #19637700
   (512) 463-2170

14

15

16             For the Defendant

17 Mr. Calvin Garvie
   Attorney at Law
18 22 N. Bell St., P. O. Box 416
   Bellville, Texas   77418
19 SBOT #07714300
   (409) 865-9781

20

21 Ms. Lydia Clay-Jackson
   Attorney at Law
22 700 N. San Jacinto
   Conroe, Texas   77301
23 SBOT #04332450
   (409) 760-2889

24

25

# CHRONOLOGICAL INDEX

| WITNESS | PAGE |
|---|---|
| APPEARANCES | 3 |
| MORNING SESSION | 7 |
| | |
| GORDON MOORE (OUTSIDE PRESENCE OF JURY) | |
| DIRECT EXAMINATION BY MS. CLAY-JACKSON | 8 |
| | |
| MOTION FOR JURY TO EXAMINE THE SCENE | 19 |
| | |
| JERRY ORMAND, JR. | |
| DIRECT EXAMINATION BY MR. GARVIE | 22 |
| CROSS-EXAMINATION BY MS. TANNER | 25 |
| | |
| JOSE CORONADO | |
| DIRECT EXAMINATION BY MR. GARVIE | 28 |
| CROSS-EXAMINATION BY MS. TANNER | 33 |
| REDIRECT EXAMINATION BY MR. GARVIE | 42 |
| RECROSS EXAMINATION BY MS. TANNER | 43 |
| FURTHER REDIRECT EXAMINATION BY MR. GARVIE | 44 |
| | |
| RECESS | 44 |
| | |
| DAVID LAWHON (RECALLED) | |
| COURT'S QUESTIONING OUTSIDE PRESENCE OF JURY | 45 |

1 | WILL BARTON
2 | COURT'S QUESTIONING OUTSIDE PRESENCE OF JURY    46
3 | JASON ALLISON
4 | COURT'S QUESTIONING OUTSIDE PRESENCE OF JURY    51
5 | NEAL HAWKINS
6 | COURT'S QUESTIONING OUTSIDE PRESENCE OF JURY    56
7 |
8 | Recess                                          62
9 |
10 | BARBARA FELIX
11 | DIRECT EXAMINATION BY MS. CLAY-JACKSON         64
12 | CROSS-EXAMINATION BY MS. TANNER                72
13 |
14 | MOTION FOR JURY TO EXAMINE SCENE               77
15 | _____
16 | JASON ALLISON AND NEAL HAWKINS (RECALLED)
17 | COURT'S QUESTIONING OUTSIDE PRESENCE OF JURY    78
18 |
19 | COURT ADJOURNED FOR A LUNCH BREAK              80
20 | AFTERNOON SESSION                              81
21 |
22 | SCOTT PARNELL
23 | DIRECT EXAMINATION BY MR. GARVIE               88
24 | CROSS-EXAMINATION BY MS. TANNER                91
25 | REDIRECT EXAMINATION BY MR. GARVIE             97

| | | |
|---|---|---|
| 1 | RECROSS EXAMINATION BY MS. TANNER | 99 |
| 2 | FURTHER REDIRECT EXAMINATION BY MR. GARVIE | 99 |
| 3 | FURTHER RECROSS EXAMINATION BY MS. TANNER | 100 |
| 4 | FURTHER REDIRECT EXAMINATION BY MR. GARVIE | 101 |
| 5 | FURTHER RECROSS EXAMINATION BY MS. TANNER | 102 |
| 6 | FURTHER REDIRECT EXAMINATION BY MR. GARVIE | 102 |
| 7 | | |
| 8 | <u>L. R. (ROCKY) WARDLOW</u> (RECALLED) | |
| 9 | RECROSS EXAMINATION BY MS. CLAY-JACKSON | 103 |
| 10 | REDIRECT EXAMINATION BY MS. TANNER | 136 |
| 11 | FURTHER RECROSS EXAMINATION BY | |
| 12 |    MS. CLAY-JACKSON | 143 |
| 13 | FURTHER REDIRECT EXAMINATION BY MS. TANNER | 145 |
| 14 | FURTHER RECROSS EXAMINATION BY | |
| 15 |    MS. CLAY-JACKSON | 145 |
| 16 | | |
| 17 | RECESS | 146 |
| 18 | JURY DISMISSED FOR THE DAY | 147 |
| 19 | | |
| 20 | <u>PAT CARMACK</u> (OUTSIDE PRESENCE OF JURY) | |
| 21 | DIRECT EXAMINATION BY MS. CLAY-JACKSON | 147 |
| 22 | CROSS-EXAMINATION BY MS. TANNER | 156 |
| 23 | REDIRECT EXAMINATION BY MS. CLAY-JACKSON | 158 |
| 24 | COURT ADJOURNED FOR THE DAY | 160 |
| 25 | COURT REPORTER'S CERTIFICATE | 161 |

```
 1                    THE COURT:  Sir, will you
 2      please come up here and let me swear you in
 3      before you testify.
 4
 5          GORDON MOORE, the witness, after having
 6  first been duly sworn, assumed the witness stand
 7  and testified upon his oath as follows:
 8
 9                  DIRECT EXAMINATION
10  QUESTIONS BY MS. CLAY-JACKSON:
11                    MS. CLAY-JACKSON:    Pursuant
12      to a motion in limine, we ask for that
13      proffer.
14  Q.  Would you please state your full name?
15  A.  Gordon William Moore.
16  Q.  And how are you employed?
17  A.  With the Texas Department of Public Safety.
18  Q.  In what position are you employed?
19  A.  Lieutenant.
20  Q.  Lieutenant Moore, what are your duties with
21      the Department of Public Safety?
22  A.  I'm the supervisor in one of their services in
23      the criminal law enforcement division.
24  Q.  And the criminal law enforcement division,
25      which particular division are you a
```

```
1            supervisor?
2    A.      In the polygraph service.
3    Q.      What is your educational background?
4    A.      I've got an Associate's Degree in Applied
5            Science, Bachelor's Degree in Criminal
6            Justice.
7    Q.      And as a supervisor in -- at DPS, have you had
8            to take continuing education courses?
9    A.      Yes, ma'am.
10   Q.      And what kinds of courses have you taken?
11   A.      Professional continuing education and seminars
12           throughout the nation, national.
13   Q.      And where are some of those seminars been?
14   A.      Sparks, Nevada; Austin, Texas; Albuquerque,
15           New Mexico.
16   Q.      Have you had occasion to work with the Federal
17           Bureau of Investigation?
18   A.      I have, yes.
19   Q.      And have you had occasion to attend some of
20           the seminars and conferences they have been
21           party to?
22   A.      Co-hosted but not sponsored.
23   Q.      Is there a certification for your specialty?
24   A.      Yes, there is.
25   Q.      And are you certified?
```

1  A. Yes, I am.
2  Q. Would you please tell the Court what
3     constitutes a certification?
4  A. It's actually a license in the State of Texas,
5     and you have to have a four-year degree. In
6     lieu of that, five years' investigative
7     experience, and then you go through an
8     internship, a six-month internship program and
9     after that you go for your state license.
10 Q. And how long have you been with the
11    department?
12 A. Approximately 14 years.
13 Q. And all of that time have you been with this
14    special division?
15 A. Yes, I have.
16 Q. On -- in December of 1996, did you have
17    occasion to interview a Jimmy Fennell, Jr.
18 A. Yes, I did.
19 Q. And do you recall who brought Mr. Fennell to
20    you for that interview?
21 A. I believe it was Texas Ranger Sergeant Rocky
22    Wardlow.
23 Q. Would you explain to the Court what you do in
24    preparation to interview a witness?
25 A. Basically debrief the case facts as they're

```
 1              PAT CARMACK, the witness, after having
 2    first been duly sworn, assumed the witness stand
 3    and testified upon his oath as follows:
 4
 5                   DIRECT EXAMINATION
 6    QUESTIONS BY MS. CLAY-JACKSON:
 7    Q.    State your full name spelling your last.
 8    A.    Pat Carmack, C-a-r-m-a-c-k.
 9    Q.    Mr. Carmack, how are you employed?
10    A.    Adult probation officer in Bastrop County.
11    Q.    How long have you been -- are you a resident
12          of Bastrop County?
13    A.    Yes, ma'am.
14    Q.    In your duties as a probation officer, in your
15          responsibilities with the Bastrop County adult
16          supervision -- is it adult supervision?
17    A.    Yes, ma'am.
18    Q.    Do you hold a special license?
19    A.    I hold a polygraph license, but I had that
20          long before I was a probation officer.
21    Q.    Would you please tell the Court, what is your
22          educational background?
23    A.    I have a Bachelor of Arts degree that I
24          received in 1972, and then went to polygraph
25          school at Texas A & M.  That's pretty much
```

| | | |
|---|---|---|
| 1 | | it. And I speak a little Spanish. |
| 2 | Q. | And you said you hold a license in polygraph? |
| 3 | A. | Yes, ma'am. |
| 4 | Q. | And you have been a polygraph examiner for how |
| 5 | | long? |
| 6 | A. | Since nineteen seventy-three. I got my |
| 7 | | license, actually, in '74. I was practicing |
| 8 | | as an intern in '73. |
| 9 | Q. | Since you have been in the employ of Bastrop |
| 10 | | County have you had occasion for the County to |
| 11 | | utilize your services as a polygraph examiner? |
| 12 | A. | Yes, ma'am. |
| 13 | Q. | Could you give the Court some idea of what |
| 14 | | type of situation Bastrop County has utilized |
| 15 | | your services? |
| 16 | A. | I have done criminal testing for the Bastrop |
| 17 | | County sheriff's office, from time to time; I |
| 18 | | have done sex offender testing for the |
| 19 | | probation department sex offender case load. |
| 20 | Q. | And in the -- internal affairs for the Bastrop |
| 21 | | County sheriff's office -- in your duties with |
| 22 | | the sex offender program, is that people that |
| 23 | | have been convicted or placed on probation for |
| 24 | | sex offenses and come in on a periodic basis |
| 25 | | to be polygraphed, or given a polygraph test? |

1  A.   In some years ago, ---- well, the regular
2       basis part never developed, it's pretty much a
3       one-time thing.
4  Q.   You say that Bastrop County has utilized your
5       service at the sheriff's department?
6  A.   Yes, ma'am.
7  Q.   I would like for you to think back in October
8       of 1996, and specifically think back with
9       regard to a Jimmy Fennell.  Were your services
10      utilized by Bastrop County in connection with
11      Jimmy Fennell in October of 1996?
12 A.   I'm not certain of the date but, yes, ma'am.
13 Q.   You did in fact have -- conduct a polygraph
14      exam request with Jimmy Fennell; is that
15      right?
16 A.   Yes, ma'am.
17 Q.   And would you please explain to the Court how
18      you go about starting a polygraph exam?  What
19      do you need to start a polygraph exam?
20 A.   The basic information of a case, of course.
21 Q.   And where did you receive that information?
22 A.   From the investigative office, the sheriff's
23      office or whatever it might be.
24 Q.   And this information, do you recall if it was
25      Lieutenant Campos that gave you the