# Exhibit 16

CAUSE NO. 8701

**73135**

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE DISTRICT COURT OF |
| | X | |
| VS. | X | BASTROP COUNTY, TEXAS |
| | X | |
| RODNEY REED | X | 21ST JUDICIAL DISTRICT |

---

REPORTER'S RECORD
PRETRIAL HEARING

---

June 27, 1997

VOLUME 3 OF **69**

FILED IN
COURT OF CRIMINAL APPEALS
SEP 9 1998
Troy C. Bennett, Jr., Clerk

ORIGINAL

```
 1  APPEARANCES:

 2                  For the State

 3              Mr. Charles Penick
                District Attorney
 4              Bastrop County Courthouse
                Bastrop, Texas   78602
 5              SBOT # 015748500
                (512) 321-2244
 6

 7              Mr. Forrest Sanderson
                Assistant District Attorney
 8              Bastrop County Courthouse
                Bastrop, Texas   78602
 9              SBOT #17610700
                (512) 321-2244
10

11              Ms. Lisa Tanner
                Assistant Attorney General
12              P. O. Box 12548
                Austin, Texas   78711-2548
13              SBOT #19637700
                (512) 463-2170
14

15                  For the Defendent

16              Mr. Jimmie L. Brown, Jr.
                Attorney at Law
17              Suite 200
                711 W. 7th St.
18              Austin, Texas 78701-2742

19

20              On the 27th day of June, 1997, the
21  above entitled and numbered cause came on for
22  hearing before said Honorable Court, Harold R.
23  Towslee, Judge Presiding, and the following
24  proceedings were had:
25
```

```
 1                  CHRONOLOGICAL INDEX
 2    WITNESS                                              PAGE
 3    Motion for Discovery of State's Witness List          9
 4    Ruling                                               10
 5
 6    Motion to Require State to Reveal Agreements         10
 7    Ruling                                               10
 8
 9    Motion to Arraign Defendant Outside
10          Presence of Jury                               11
11    Ruling                                               11
12
13    Motion for Discovery of Arrests, Arrest and
14          Conviction Records of State's Witnesses        12
15    Ruling                                               14
16
17    Motion Requesting Permission for
18          Defendant to Wear Own Clothing                 14
19    Ruling                                               15
20
21    Motion to Allow Incarcerated Defendant
22          to View Scene With Attorney                    15
23    Ruling                                               16
24
25
```

| | | |
|---|---|---|
| 1 | Motion for Discovery | 19 |
| 2 | Defendant's Election on Punishment | 27 |
| 3 | Ruling | 27 |
| 4 | | |
| 5 | Motion for Discovery of Exculpatory | |
| 6 | and Mitigating Evidence | 27 |
| 7 | Ruling | 27 |
| 8 | | |
| 9 | Motion to Have Court Reporter Make | |
| 10 | Full Record | 30 |
| 11 | Ruling | 30 |
| 12 | | |
| 13 | Motion to Determine Qualifications | |
| 14 | of State's Character Witnesses Outside | |
| 15 | Presence of Jury | 31 |
| 16 | Ruling | 31 |
| 17 | | |
| 18 | Motion for Voir Dire of Expert Witnesses | 33 |
| 19 | Ruling | 33 |
| 20 | | |
| 21 | Application for Writ of Habeas Corpus | 33 |
| 22 | Ruling | 38 |
| 23 | | |
| 24 | | |
| 25 | | |

Motion for Bond
    Defense's Argument                          40
    State's Argument                            42
Ruling                                          44

Trial Date Set                                  45

1       THE COURT: I'm not going to
2  tell the sheriff how to handle that. I'm
3  going to let you go out there with your client
4  to see the scene. If you need to have a
5  conversation with him, you can do it when he
6  gets back here somewhere, but I'm not going to
7  tell the sheriff to leave him alone.
8       MR. BROWN: I don't think
9  that's what I asked for, Your Honor, and I
10 don't know how practical that is to be saying
11 that I'm walking over an inch of ground and,
12 "oh, by the way write that down," and then
13 when I get back in closed quarters to go
14 through that.
15      THE COURT: Let me make it
16 clear, I'm granting the motion. If you want
17 him to view the premises, it's granted, okay?
18      Shall we move on to the next one?
19 It's a motion for discovery. This may take a
20 little while. Do you want to come back to
21 this one?
22      MR. BROWN: No.
23      THE COURT: Do you want to do
24 it right now?
25      MS. TANNER: That's fine with

1  me, Your Honor.
2              THE COURT:  Okay.  We'll go
3  through it.
4              MS. TANNER:  I can state for
5  the record that it's the State's intention to
6  have the open-file policy in this case for the
7  most part.  Obviously, we have no intention of
8  providing our work product, that of the
9  Prosecutors in the case; however, beyond that,
10 we intend to have an open-file policy.  We are
11 in the process of copying all the documents in
12 this file, all the paperwork, and should have
13 that done hopefully within the next week or
14 two, and then we will provide a copy to
15 defense counsel and provide an additional copy
16 for the Court under seal so that there is a
17 record of what we provided to the defense
18 counsel.
19             THE COURT:  Okay.
20             MS. TANNER:  So that's our
21 general position on the motion.  As such, we
22 are in agreement with almost all of it.
23             THE COURT:  Okay.  Could we
24 go through -- the ones that you agreed to will
25 be granted automatically; the ones you