UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **RODNEY REED,** § <br> **TDCJ No. 999271,** § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> **ERIC GUERRERO,[1] Director,** § <br> **Texas Department of Criminal Justice,** § <br> **Correctional Institutions Division,** § <br> § <br> Respondent. § | Civil No. 1:24-cv-0726-RP <br><br> * DEATH PENALTY CASE * |

## DISMISSAL ORDER

Before the Court is Petitioner Rodney Reed's Second or Successive Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 (ECF No. 1). In the petition, Reed seeks to challenge the constitutionality of his May 1998 state court capital murder conviction and sentence of death, alleging violations of both *Brady v. Maryland*, 373 U.S. 83 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959). However, Reed previously filed a federal petition for writ of habeas corpus challenging this conviction which was denied on the merits in September 2012. *See Reed v. Thaler*, No. 1:02-cv-0142-LY (W.D. Tex.). This decision was affirmed by the Fifth Circuit Court of Appeals in January 2014. *Reed v. Stephens*, 739 F.3d 753 (5th Cir. 2014), *cert. denied*, 574 U.S. 973 (2014).

Before a second or successive application for writ of habeas corpus may be filed in the district court, 28 U.S.C. § 2244(b)(3) provides an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. On the same day he

---

[1] The previous named Respondent in this action was Bobby Lumpkin. In December 2024, Eric Guerrero succeeded Lumpkin as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

filed the instant petition in this Court, Reed also sought authorization from the Fifth Circuit to file this successive habeas corpus petition. *In re Reed*, No. 24-50529 (5th Cir. 2024). In an Unpublished Order dated November 5, 2024, the court denied Reed's request. *Id*. Thus, pursuant to § 2244(b), the Court finds this successive application for writ of habeas corpus should be dismissed because Reed has not obtained prior approval to file a successive habeas corpus application. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) (holding the district court lacked jurisdiction to consider a successive § 2254 petition since petitioner did not obtain authorization from the court of appeals); *In re Campbell*, 750 F.3d 523, 529 (5th Cir. 2014) (petitioner must receive authorization before filing successive habeas petition).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Rodney Reed's Second or Successive Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2244 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction;

2. Reed failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Reed a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 12th day of June, 2025.**

_____
**ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**